UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

ELLEN STAFFIERI,                                  Case No.: 09-75153-ast
                                                  Chapter 13
                    Debtor.
--------------------------------------------------------X

## DECISION AND ORDER DENYING MOTION TO RECONSIDER

On February 17, 2012, the debtor, Ellen Staffieri (the "Debtor"), filed a motion (the "Motion to Compel") [dkt item 37] to compel OneWest Bank, FSB, as successor in interest to Indymac Bank, FSB (the "OneWest"), to turn over $6,123.91 in escrow funds (the "Escrow Surplus"). Debtor served the Motion to Compel on both OneWest's local counsel at the time and on counsel whose name appears at the address listed for notice on OneWest's proof of claim [Claim Number 4]. Debtor supported the Motion to Compel with, *inter alia*, an Escrow Account Disclosure Statement provided to her by OneWest reflecting the Escrow Surplus.

OneWest did not file opposition to the Motion to Compel. On March 20, 2012, a hearing on the Motion to Compel was held before this Court (the "Hearing"). Counsel for the Debtor appeared at the Hearing. OneWest did not appear at the Hearing.

Following the Hearing, on March 23, 2012, the Court entered an Order granting the Motion to Compel and directing OneWest to turn over the Escrow Surplus within twenty-one days (the "Order") [dkt item 39].

On April 12, 2012, the Court signed a stipulation and order executed by the Debtor and OneWest, which provided that "the date by which the sum of $6,123.91 must be turned over to the Debtor be put off from April 13, 2012, to May 11, 2012." (the "Stipulation") [dkt item 41]. However, the Stipulation did not seek or provide for any other relief.

Decision and Order - 1

On May 4, 2012, OneWest filed the instant motion to reconsider (the "Motion to Reconsider"). [dkt item 42]  In the Motion to Reconsider, OneWest acknowledges that it did not oppose the Motion to Compel before or at the Hearing, and OneWest does not allege that it did not receive service of the Motion to Compel.  Instead, OneWest seeks a new hearing on the ground that "Debtor's Motion to Compel was based on outdated information."  Specifically, OneWest asserts that the Escrow Surplus of $6,123.91 reflected on the Escrow Account Disclosure Statement is fully offset by prepetition escrow arrears of $16,619.00, which is reflected on OneWest's amended proof of claim 4-2, filed on February 13, 2012.  While the amended proof of claim indicates that an escrow account statement is attached to the amended proof of claim, as contemplated by Bankruptcy Rule 3002.1, no such escrow account statement is actually attached.  As a basis for seeking reconsideration, OneWest asserts that "the lateness of a response by and on behalf of [OneWest] on this matter was the result of mistake and/or excusable neglect."  However, the Motion to Reconsider provides no explanation of what OneWest's "mistake" or "excusable neglect" was.

## **LEGAL ANALYSIS**

The Motion to Reconsider cites to Rule 60 of the Federal Rules of Civil Procedure ("FRCP"), which is incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  *See* FED. R. CIV. P. 60; FED. R. BANKR. P. 9024.  FRCP 60 provides in relevant part:

> (b)  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1)  mistake, inadvertence, surprise, or excusable neglect; . . . .
>
> (c)  A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

FED. R. CIV. P. 60(b)-(c); *see In re Tender Loving Care Health Servs.*, 562 F.3d 158, 160 (2d Cir.

Decision and Order - 2

2009). Motions under FRCP 60(b) are addressed to the "sound discretion" of the court. *Taub v. Hershowitz*, 421 B.R. 93, 102 (Bankr. E.D.N.Y. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.*

### Timeliness

In this case, OneWest filed its Motion to Reconsider on May 4, 2012, within the one-year limit in FRCP 60(c). Thus, the Motion to Reconsider is timely. The issue is, therefore, whether OneWest is entitled to relief from the Order under FRCP 60(b)(1) based upon "excusable neglect" or "mistake."

### Excusable Neglect

In determining whether to grant relief under FRCP 60(b)(1) for "excusable neglect," courts in the Second Circuit apply three criteria: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (citations omitted); *see In re FairPoint Communs., Inc.*, 462 B.R. 75 (Bankr. S.D.N.Y. 2012) (applying the criteria). However, a key consideration is "whether the claimant made a conscious decision to allow a hearing to go forward without a response." *FairPoint*, 462 B.R. at 80 (internal citations omitted). It is well established in the Second Circuit that "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004); *see In re CHAS, Inc.*, 2008 WL 305099 (N.D.N.Y Jan. 30, 2008). "Hence, when a party demonstrates a lack of diligence in defending a lawsuit, a court need not set aside a default judgment." *State St. Bank*, 374 F.3d at 177.

In *State St. Bank*, the Second Circuit denied the defendants' motion to reconsider a judgment under FRCP 60(b). *Id.* Defendants sought to raise a new defense based upon documentary evidence which the defendants had in their possession at the time they were served with the compliant but had failed to raise as a defense; defendants also failed to explain why they had not offered the evidence at the outset. *Id*. at 163, 177.

Similarly, in this case, OneWest has offered no explanation for its failure to respond to the Motion to Compel or its failure to appear at the Hearing. OneWest has not alleged that it did not receive service of the Motion to Compel; in fact, the Affidavit of Service indicates that the Motion to Compel was served on OneWest's counsel at the proof of claim address and on OneWest's local counsel at the time. Further, OneWest filed an amended proof of claim on February 13, 2012, four days before the Motion to Compel was filed, yet failed to respond to the Motion to Compel. Therefore, the only reasonable conclusion is that OneWest consciously and willfully chose not to oppose the Motion to Compel.

Regarding the second criterion, meritorious defense, it appears that OneWest now asserts that Debtor is not entitled to the Escrow Surplus as, according to OneWest, there is actually a deficit in the escrow account. First, OneWest fails to explain why it issued Debtor the Escrow Account Disclosure Statement reflecting a surplus. Further, neither OneWest's original proof of claim nor its amended proof of claim reflects a reconciliation that accounts for the $6,123.91 Escrow Surplus that appeared on the Escrow Account Disclosure Statement. OneWest also fails to explain why it had possession of this evidence, which would demonstrate that no surplus existed, prior to the Hearing but failed to oppose the Motion to Compel.

Furthermore, it appears that Debtor, as the non-defaulting party, could face prejudice in having to relitigate the Motion to Compel, including additional time spent and costs incurred in relitigating

Decision and Order - 4

her Motion to Compel and in investigating and opposing the facts OneWest now raises.  Therefore, OneWest has failed to establish that its negligence in not opposing the Motion to Compel is excusable.

**Mistake**

OneWest also seeks relief from the Order due to "mistake."  FRCP 60(b)(1) "affords a party relief from a material mistake that changed the outcome of the court's judgment."  *In re Carlton Concrete Corp.*, 2008 WL 4443233, at *5 (E.D.N.Y. Sept. 26, 2008) (internal citations omitted).  For purposes of FRCP 60(b)(1), "mistake" encompasses situations such as where a party alleges a mistake of fact or law by the court in reaching its decision, or ineffective assistance of counsel.  *See*, *e.g.*, *id.* at *6; *Gey Assocs. Gen. P'Ship v. 310 Assocs., L.P.*, 2002 WL 31426344, at *2-3 (S.D.N.Y. 2002), *aff'd* 346 F.3d 31 (2d Cir. 2003).  As recently noted by Judge Grossman of this Court, "[t]he existence of an alleged meritorious defense . . . does not provide a basis to vacate a final judgment" under FRCP 60(b)(1) where the default was "knowing and deliberate."  *JPMorgan Chase Bank, N.A. v. Rijo (In re Rijo)*, 2012 WL 1309630, at *4-6 (Bankr. E.D.N.Y. Apr. 16, 2012 ).

OneWest has not alleged ineffective assistance of counsel or legal or factual error by the Court in granting the Motion to Compel.  Instead, OneWest's Motion to Reconsider asserts facts that existed at the time the Motion to Compel was granted, but which OneWest chose not to raise at that time.

The facts now raised by OneWest are vague and inconsistent; for example, OneWest points to the fact that its amended proof of claim reflects an escrow deficit; however, as noted, OneWest does not attempt to reconcile the escrow balance listed on its amended proof of claim with the Escrow Surplus it represented existed on the Escrow Account Disclosure Statement it provided to Debtor.  OneWest also does not provide a meaningful escrow analysis, nor does OneWest explain why it did

Decision and Order - 5

not attach an escrow analysis to the amended proof of claim even though the claim cover sheet indicates an escrow analysis is attached, as contemplated by Bankruptcy Rule 3002.1.  Thus, this Court cannot conclude that its Escrow Account Disclosure Statement was in fact erroneous.

Therefore, OneWest has failed to demonstrate a material mistake or a mistake of fact or law by the court in reaching its decision, and has failed to carry its burden of proof under FRCP 60(b).

## Decision

Based upon the forgoing, it is hereby

**ORDERED**, that OneWest's Motion to Reconsider is **DENIED**.

**Dated: May 30, 2012**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**